```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
CONNOR SPENCE, et al.,                                        :
                                                              :
                              Plaintiffs,                     :
                                                              :
              - against -                                     :      24-CV-9823 (JMF)
                                                              :
NEW YORK CITY POLICE DEPARTMENT,                              :      ORDER
et al.,                                                       :
                                                              :
                              Defendants.                     :
                                                              :
------------------------------------------------------------- X
```

VERNON S. BRODERICK, United States District Judge:

Counsel for Plaintiffs and the NYPD and Amazon Defendants have consented to transfer this case to the U.S. District Court for the Eastern District of New York. (Doc. 10.)

A district court may transfer a case "to any district or division to which all parties have consented," "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404. "District courts have broad discretion in making determinations of convenience under Section 1404(a)." *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (internal quotation marks omitted). A district court may transfer venue based on a party's motion or sua sponte. *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, No. 22-CV-7996, 2024 WL 1574026, at *2 (S.D.N.Y. Apr. 11, 2024) (citations omitted).

Courts typically employ a two-part test in considering a motion to transfer venue. *Megna v. Biocomp Lab'ys Inc.*, 220 F. Supp. 3d 496, 497 (S.D.N.Y. 2016). First, courts consider "whether the action could have been brought in the proposed transferee forum." *Id.* (citation omitted). If so, courts then consider whether transfer is appropriate by balancing several factors,

1

which include, among others, the "convenience of the parties," "the locus of the operative facts," and "judicial economy and the interests of justice." *Id.* at 497–98 (internal quotation marks omitted). The parties do not dispute that this action could have been brought in—and indeed, request transfer to—the Eastern District of New York. (Doc. 10.) Further, several factors, particularly the ones listed *supra*, weigh in favor of transferring the case to the Eastern District of New York. In particular, the locus of the operative facts counsels towards transfer because the warehouse at issue (JFK8) is located in Staten Island. In any event, I find that transfer is appropriate here for the convenience of the parties and witnesses and in the interest of justice in light of the consent of the parties. (*See* Doc. 10.)

Accordingly, it is hereby:

ORDERED that this proceeding is transferred for all purposes to the U.S. District Court for the Eastern District of New York. The Clerk of Court is respectfully directed to close all open motions on the docket and transfer this case forthwith to the Eastern District of New York. SO ORDERED.

Dated: December 30, 2024
      New York, New York

Vernon S. Broderick
United States District Judge
Formerly Sitting as Part I Judge

2