

**Arthur Z. Schwartz**
Principal Attorney

aschwartz@afjlaw.com

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

March 4, 2025

Via ECF

Hon. Carol Bagley Amon
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: Spence v. NYC Police Department
      25 Civ 00020 (CBA)
      Pre-Motion Letter Response

Dear Judge Amon:

  We are writing in response to the letter filed by counsel for defendant New York City Police Department (NYPD) . Counsel does not write on behalf of the individual NYPD Officers, all of whom were served on January 10, 2025, and are in default. (None of these officers have even acknowledged the Court, much less request additional time to answer.).

  NYPD proceeds as though there are no factual issues about any elements of the complaint. They declare that based on the facts as pled there was probable cause to arrest the four individual defendants. They state as a matter of law that all were arrested on private property. They state that Amazon's representatives, who are defendants, are as a matter of law just "complainants" who asked the police to remove non-employees from private Amazon property. The letter states that "Plaintiffs do not even plausibly allege that they were not on private property. They assert that the allegations of the complaint, which include photos and illustrations of the area where the arrests took place, on a grassy area adjacent to a public space "support only "the conclusion that there was probable cause to believe that Amazon had legal control of the property."

  The Amended Complaint says just the opposite (see Paragraph 2: "Since on or about June 14, 2024, when ALU and IBT members and staff have attempted to engage in such activities on and *around* the parking lot and public streets adjoining Amazon's Staten Island warehouse known as JFK8, Defendants, acting under color of state law, have prevented them from doing so at every turn, even though the National Labor Relations Board has prohibited Amazon from prohibiting such activities, and has deemed any interference in those activities as being unlawful." After describing the process by which the National Labor Relations Board had declared Amazon's "no solicitation" rule unlawful, and describing a letter from the Teamsters General Counsel to top NYPD brass, and another to Defendant Lee, the top NYPD officer in

Hon. Carol Bagley Amon
March 3, 2025
Page 2

Staten Island, the Complaint discusses how that letter was presented to officers in the public area outside the Amazon parking lot on July 1, 2024, See Paragraphs 68 and 75, and how Defendant Officers Salvatore D'Agostino and Salvatore Annunziata announced to Amazon that the Amazon Labor Union's activities were lawful, and then returned with Defendant Lee, who ordered the arrests. Nothing described can be read as a concession that there was probable cause to keep arresting Plaintiff Spence, who just happened to be in the middle of running for ALU President.

In NYPD's description of what it describes as their grounds to dismiss the allegation of First Amendment retaliation; counsel baldly states that Plaintiffs "do not plausibly allege that any adverse actions were taken against them retaliation for their speech. " They ignore the express assertion that in every case the arrests were made and that the arresting officers failed to put the summonses into the system, resulting in arrests designed only to detain the leaders of the union.

Noteworthy is the fact that nowhere in the letter do we see a discussion of the standards to be applied under FRCP12(b)(6). A Rule 12(b)(6) motion tests the **legal** sufficiency of a complaint and requires a court to determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When ruling on a Rule 12(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g., Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). To survive such a motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544 at 556 (2007)); *see also Twombly*, 550 U.S. 544, 570 (noting that a claim must be dismissed if the plaintiffs "have not nudged their claims across the line from conceivable to plausible").

The Complaint reasonably alleges a conspiracy between the NYPD and Amazon to harass the leaders of the union, going so far as to arrest them and throw away the summonses. The conclusions that NYPD wants to waste the Court's time on can only be addressed after discovery, where arresting officers can describe why they thought there was probable, and why the destroyed the summonses they handed to the individual plaintiffs.

The Court should note that after the Amended Complaint was filed, and Plaintiff's sought a TRO in advance of a strike, at the direction of Judge Broderick the undersigned worked with the NYPD Legal Department to find a place for 5-600 strikers and supporters to picket and rally on the grassy alongside the public road. On several occasions NYPD Legal and I had to back off



Hon. Carol Bagley Amon
March 3, 2025
Page 3

officers from the 121st Street Precinct who wanted to make arrests after being egged on by Amazon representatives (I witnessed this first-hand). . The "non-employees" who came to picket and rally included NY State Attorney General Letitia James. No one attempted to arrest the AG.

                                                Respectfully submitted,

                                                /s/ *Arthur Z. Schwartz*

                                                Arthur Z. Schwartz

cc:      All Counsel (via email)