**HUNTON**

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

PATRICK L. ROBSON
DIRECT DIAL: 212 • 309 • 1157
EMAIL: probson@hunton.com

FILE NO: 056186.188

August 19, 2025

**VIA ECF**

Hon. Carol Bagley Amon, U.S.D.J.
United States District Court, Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Spence v. NYPD et al.*, Case No. 25-cv-00020-CBA-LB (E.D.N.Y.)

Dear Judge Amon:

    The Amazon Defendants respectfully submit this response to Plaintiffs' request that the Court consider a post-argument ALJ decision and additional authority (ECF No. 49).

    As a threshold matter, Plaintiffs' submission constitutes an improper sur-reply, and the Court should disregard the improper filing. *Datiz v. Int'l Recovery Assocs., Inc.*, No. CV153549DRHAKT, 2020 WL 5899881, at *3 (E.D.N.Y. Mar. 12, 2020), *report and recommendation adopted as modified,* No. 15CV3549DRHAKT, 2020 WL 3790348 (E.D.N.Y. July 7, 2020) ("Counsel for both parties subsequently attempted to file notices of supplemental authority with the Court . . . which Judge Spatt rejected, pointing out that such filings constituted improper sur-replies."); *Powers v. Town of E. Hampton*, No. 24-CV-02263 (NCM) (ST), 2025 WL 1726263, at *2 n.5 (E.D.N.Y. June 20, 2025) (noting that "[a]lthough plaintiff fashions his letter as a supplemental authority letter, given the arguments raised therein, the Court construes plaintiff's letter as an application for leave to file a sur-reply," and declining to consider it).

### ALJ Decision Cited in Plaintiffs' Letter

    Even if it were to consider Plaintiffs' submission, it does not change the Court's analysis of the Amazon Defendants' Motion to Dismiss. The decision attached as Exhibit A to Plaintiffs' August 10 submission (the "ALJ decision") was made by an administrative law judge and constitutes a recommendation to the National Labor Relations Board ("NLRB" or "Board"), subject to further review by the NLRB and appeal by the parties to that proceeding. *See* ECF 49-1 at 62 & 62 n.127. Under 29 C.F.R. § 102.46, any party may seek NLRB review of an ALJ decision by lodging exceptions with the Board. The current deadline to file exceptions is September 5, 2025, and Amazon intends to exercise its right to do so. Second, even if the recommendation were adopted by the NLRB, its decisions are not self-enforcing,

# HUNTON

Hon. Carol Bagley Amon, U.S.D.J.
August 19, 2025
Page 2

and the decision is still subject to review and enforcement by a federal Court of Appeals. *See* 29 U.S.C. §§ 160(e)–(f); *see also* NLRB Guide to Board Procedures (May 2023) at §§ 5.6(a)–(c).[1] The ALJ decision thus could not possibly bind (or otherwise constitute persuasive authority for) this Court until upheld by the full NLRB and enforced by a Court of Appeals. Moreover, the Supreme Court has stated explicitly that federal courts "are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 155, (2025) (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402 (2024)). As well, an administrative law judge's recommendation to the NLRB does not even constitute "the agency's interpretation" of the NLRA.

Here, where the Court must determine whether Plaintiffs have pled adequately causes of action predicated on the argument that former Amazon employees who challenge their termination with the NLRB must be considered actual employees who have an independent right to trespass on property leased by Amazon, the ALJ decision carries no weight and certainly does not constitute precedent. It does, however, underscore Amazon's central argument on this motion to dismiss; namely, that Plaintiffs should not be allowed to use this civil action as a second, collateral attempt to gain relief they are already seeking before the NLRB and through subsequent appeals.[2]

### Additional Untimely Authority Cited in Plaintiffs' Letter

Plaintiffs' citation to additional federal caselaw also should be rejected as untimely. Indeed, Plaintiffs explanation—that Plaintiffs' counsel did not research this issue until well after motions to dismiss had been briefed and argued—appears to fly in the face of the Court's recent order rejecting any further untimely submissions. *See* Order dated June 12, 2025 ("I will not consider untimely filings.").

In any event, *Cellular Sales of Missouri, LLC v. NLRB*, 824 F.3d 772, 779–80 (8th Cir. 2016) is inapposite because it does not deal at all with access to an employer's private property. Rather, it pertains to whether a former employee can challenge an arbitration provision in his contract as an unfair labor practice under the NLRA.

---

[1] https://www.nlrb.gov/sites/default/files/attachments/pages/node-174/guide-to-board-procedures-2023.pdf.

[2] Plaintiffs also neglect to mention that the same ALJ determined that Amazon's termination of Mr. Spence's employment was lawful. ECF 49-1 at 60:7-19.

# HUNTON

Hon. Carol Bagley Amon, U.S.D.J.
August 19, 2025
Page 3

Nor do the NLRB decisions on which the *Cellular Sales* court relied support the broad right to access that Plaintiffs here seek. In *Briggs Mfg. Co.*, 75 NLRB 569, 570–71 (1947), the NLRB analyzed whether an employer violated a completely unrelated aspect of the NLRA, by allegedly refusing to reinstate a former employee for participating in NLRB proceedings. In *Little Rock Crate & Basket Co.*, 227 NLRB 1406 (1977), the NLRB addressed *discriminatory* denial of access. The NLRB found that the employer violated the NLRA because it had a practice of allowing discharged employees to remain on premises until they received their final paycheck (and had, in fact, extended this particular employee an invitation to do so), but then discriminatorily failed to follow that practice because the employee at issue was engaged in protected concerted activity while waiting for his check. *Id*. at 1406.[3] Finally, *Cellular Sales*' parenthetical quotation to *Haynes Bldg. Servs. LLC*, 363 NLRB 125 (2016) fares no better. *See Cellular Sales of Missouri, LLC*, 824 F.3d at 780 (quoting *Haynes*). The quoted language is part of a longer blocked quote in which the *Haynes* panel was quoting from *Waco, Inc.*, 273 NLRB 746 (1984), which also does not deal with access to private property, but rather whether photographs taken of former employees engaged in picketing violated the NLRA. *See Haynes Bldg. Servs.*, 363 NLRB at *1160 (quoting *Waco, Inc.*, 273 NLRB at 747).

## Amazon Defendants' Position

Absent precedent from an Article III court, the Amazon Defendants maintain that Plaintiffs have cited no case law supporting the position that the NLRA can override state trespass law.

\*\*\*

We appreciate the Court's consideration and can be available to address any questions the Court may have.

Respectfully submitted,

Patrick L. Robson

CC: Counsel of record

---

[3] The clear implication of *Little Rock Crate* is that there is no inherent right for former employees to access the non-working areas of their former employer's private property. If there were such a right, there would have been no reason for the NLRB to analyze whether the no-access rule was *discriminatorily* enforced against the particular former employee at issue in that case.